**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ) | |
| MARCUS DOMINIC BROOKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1993 (JEB) |
| ) | |
| HARRIS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION**

Plaintiff filed this action in the Superior Court of the District of Columbia against, among other Defendants, West Virginia State Trooper Kevin Plumer and Special Agents Lockhart and Dean of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF Defendants"). After removal of the case to this Court, Plumer and the ATF Defendants have separately filed Motions to Dismiss, alleging, *inter alia*, lack of personal jurisdiction, improper venue, and lack of subject matter jurisdiction. The Court ordered Plaintiff to respond to these motions on or before March 15, 2011, and warned Plaintiff that failure to timely respond could result in these motions being granted as conceded. The Court later extended the date by which this response was due to April 15, 2011. To date, Plaintiff has not filed any response.

Under Local Rule 7(b), the Court may grant as conceded motions to which Plaintiff files no response, and such a ruling is appropriate here. Not only has Plaintiff failed to respond or offer any reason for such failure, but Defendants have strong arguments on the merits. For example, the Court has no personal jurisdiction over Plumer where all of the acts complained of occurred in West Virginia, and he has no ties, general or specific, to the District of Columbia.

Similarly, the ATF Defendants point out that they are not proper parties in their official capacity, the Court has no jurisdiction over them in their personal capacity, and the statute of limitations bars the suit.

As a result, the Court will grant the Motions. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/_____
JAMES E. BOASBERG
DATE: June 1, 2011                                United States District Judge